UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLETTE BRIGHTMAN,<br>　　　Plaintiff, | )<br>)<br>)<br>) |  |
| VS. | ) | DOCKET NO: 05 CV 11718 RGS |
| J.C. PENNEY CORP., INC.,<br>　　　Defendant. | )<br>)<br>)<br>) |  |

# **MOTION TO CONTINUE TRIAL**

Now comes the plaintiff, Colette Brightman, through her counsel, and hereby moves to continue the trial currently scheduled for **Monday, April 2, 2007**. The plaintiff, through her counsel, requests that the trial be continued for two weeks to **Monday, April 16th or such other date after April 16th that is convenient to the Court**. In support of her motion, the plaintiff states the following:

1. This premises liability action follows an accident at the defendant's retail store in Dartmouth on February 24, 2003.

2. The plaintiff, a customer, alleges that she tripped over the bottom shelf of a "hang-and-fold" fixture [used to display both folded and hanging clothing for sale] that two of the defendant's employees were moving just before the plaintiff's accident and left unattended and partially obstructing a pedestrian aisle.

3. The plaintiff suffered a torn medial meniscus, a torn anterior cruciate ligament, and a hematoma, which required surgical repair once the swelling abated.

4. The plaintiff filed the instant tort action on July 11, 2005 in State Court and the defendant removed the case to this Court on August 18, 2005.

5. The defendant contests both liability and the nature and extent of the plaintiff's alleged damages.

6. As one ground for this motion, the plaintiff recently fell and fractured her wrist. She underwent surgical repair on March 9th. The plaintiff is still recovering from her surgery, is still fitted with a splint, has a follow-up appointment with her surgeon on **April 3rd**, and she and her counsel do not believe that she is physically or emotionally up to the rigors of a trial.

7. As further grounds for this motion, the plaintiff's counsel provided expert testimony disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) on October 30, 2006 and notified the defendant's counsel of his intention to take the audio-visual deposition of the plaintiff's expert, Dr. Jeremy Stern, at his office in Dartmouth on a mutually-agreeable date pursuant to Fed. R. Civ. P. 26(b)(4).

8. Before the deposition was scheduled and before the assignment of the April 2nd trial date, however, the defendant proposed mediation.

9. The parties mediated the case on March 12th but were unable to reach a settlement.

10. Dr. Stern is out of town the week of March 19th and the plaintiff's counsel is out of town for vacation the week of March 26th.

11. The brief continuance of the trial will allow the plaintiff to take the audio-visual deposition of the Dr. Stern for trial.

12. This is the **first** request for a continuance of trial.

13. The brief continuance of the trial requested by the plaintiff will allow the plaintiff sufficient time to recover from her recent surgery, will allow for the taking of the audio-visual deposition of the plaintiff's medical expert, and will not prejudice the defendant.

14. Finally, the grounds for the request for a continuance constitute "good cause" pursuant to Local Rule 40.3(A).

        Plaintiff, Colette Brightman,
        By her attorney,

        /s/ Scott D. Peterson
        Scott D. Peterson BBO #548596
        Healy & Healy, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA  02043
        (781) 431-0040 X202
        speterson@healyhealy.com

Dated:  March 21, 2007

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 21, 2007.

        /s/ Scott D. Peterson